**Reedy v. Commonwealth**

*Shaubut C. Walz* and *Gerald K. Morrison,* for appellant and intervenors.

*Terry R. Bossert,* for Commonwealth.

WATERS, Chairman; March 31, 1975.—This matter comes before the board as an appeal from an order of the Department of Environmental Resources, hereinafter "DER", issued to one Joseph Reedy, hereinafter "appellant", on April 16, 1974, charging viola-

tions of the Pennsylvania Solid Waste Management Act of July 31, 1968, P. L. 788 (No. 241), as amended, 35 PS §6001, et seq., Penn, Wheatfield and Miller Townships, hereinafter "intervenors" intervened in the proceedings, along with Perry County, alleging that the landfill was a necessity and should be allowed to operate despite the lack of a permit, until such time as a permit is issued to this or some site in close proximity.

## FINDINGS OF FACT

1. Appellant, Joseph Reedy, is an individual operating a landfill in Wheatfield Township, Perry County, Pa.

2. Appellee is the Pennsylvania Department of Environmental Resources.

3. Appellant operates said landfill in Wheatfield Township, Perry County, Pa., without a permit from DER, as is required by the Pennsylvania Solid Waste Management Act, supra.

4. On or about March 23, 1970, appellant submitted a solid waste permit application to DER and, thereafter, on or about January 1, 1971, appellant submitted a phase I soils and geology module.

5. Said application and module were reviewed by DER and, on or about February 18, 1971, DER notified appellant that his site was unsuitable because of shallow soil depth over fractured bedrock.

6. On April 16, 1974, DER issued appellant an order to immediately cease the operation of his landfill and to terminate the operation in conformity with paragraph 2 of the order and, further, to abate the discharge of leachate from the landfill.

7. On May 9, 1974, appellant filed a timely appeal from said order of DER. However, no pre-hearing memorandum was ever filed on behalf of appellant.

8. Intervenors are the County of Perry and the Townships of Wheatfield, Penn and Miller.

9. The townships provide no refuse collection facilities nor do they have ordinances relative to refuse collection; Mr. Reedy deals with the individual residents of each township on a contract basis and does not deal through said townships.

10. There are other solid waste facilities within a reasonable distance from Mr. Reedy's site, including permitted facilities at the Rambler Landfill in Juniata County and at the Harrisburg incinerator in Dauphin County. In addition, the Thebes site near New Bloomfield in Perry County has been accepted by DER as a suitable site and can qualify for a permit as soon as certain minor engineering plans are changed.

11. Inspections by DER, dating from 1971, have, in most instances, revealed violations of DER's rules and regulations, including steep slopes, surface water ponding, failure to cover, lack of surface water diversion, and leachate discharge. Inspections immediately prior to DER's order and subsequent to the order have revealed the same violations.

12. The refuse at the site rises in a bank 20 feet above a small stream which flows by the side of the landfill.

13. The landfill operation causes the discharge of leachate into the waters of the Commonwealth, to wit, an unnamed tributary to Dark Run which flows by the west side of the landfill site.

14. Water samples were taken from said stream on June 12, 1974, by Mr. Orwin, a solid waste specialist with DER, and on August 2, 1974, by Mr. Brehm, a DER Environmental Protection Specialist III. The latter samples were taken at the request of the intervenors. These samples show a discharge to the waters of the Commonwealth which alters the quality of the

water in the small tributary to the west of the landfill, including an increase in the concentration of chlorides, an increase in the biochemical oxygen demand and increased concentration of iron in excess of the standards set forth in chapter 97 of DER's regulations, 25 Pa. Code §97.15.

15. The landfill site is located in a region of shallow soil (ranging from two to ten feet) over fractured shale bedrock and, as such, does not meet DER's requirements for a natural renovation landfill, 25 Pa. Code §75.84.

16. The shallow soils at the site fail to provide renovation for the leachate generated by the landfill, and the fractured bedrock beneath such soil provides an avenue to transmit the leachate directly to the ground water.

## DISCUSSION

The controlling question raised by the record in this case is whether DER can reasonably order the closing of a landfill site in a county which presently has no other conveniently available permitted site for the dumping of solid waste.

There is little to be gained from a review of the statute and regulations, as they clearly authorize the closing of unpermitted landfills. A review, however, will show that the specific question raised by the facts of this case has not been previously dealt with by either the legislature or this board.

It is beyond dispute that DER has the power and authority to close or order the closing of a landfill such as is here in question. Neither appellant nor intervenors seriously contend that Reedy is in full compliance with the law and regulations of DER. Indeed, it is conceded that he has no permit to operate the landfill.

The question, it seems, then becomes whether there

is an abuse of discretion by DER, or at least an unreasonable decision to employ enforcement actions, when, as here, one, appellant has attempted to comply with the permit requirements and, two, there is no other available permitted landfill in the county.

If we were to allow appellant or any landfill operator to ignore the plain requirements of the Solid Waste Management Act, supra, based on the fact that there is no convenient alternative, then the major impetus to compliance activity will have been removed.

In other words, it is our view that no activity takes place without motivation. There must be some way to motivate a county or an individual to secure a permit for the proper operation of a landfill. If one is excused from the permit requirement on the mere showing that it would be inconvenient to use another site, even though this may be in another county, then there would remain no motivation for the operator to obtain a permit. And this is true regardless of the degree of inadequacy of the unpermitted site.

Turning to the other allegation, regarding efforts to obtain a permit, this allows a much easier resolution. We believe that DER is in a much better position than this board to evaluate the "good faith" of a landfill permit applicant. This, after all, is the crux of the matter. Anyone can submit an application to DER at any time. Clearly, this alone cannot be a test for the purpose of exercising enforcement discretion. Something more must appear, and that is the "good faith" of the applicant. There should be some reasonable expectation of success for the applicant. It might very well be unreasonable for DER to order the immediate closing of a landfill, which inspections have shown to be properly operated, although without benefit of permit, where the operator has applied in good faith for a permit, and the decision is held up, on the permit grant, through no

fault of the applicant. These, however, are not the facts of this case. Here, appellant has not submitted all of the required data and, based on what has been submitted, DER has concluded that a permit cannot be issued. The inspection reports have been consistently unfavorable to appellant, and appellant has been operating for a number of years without a permit.

It is unfortunate that the burden of this decision falls heavily on the citizens who would like to properly dispose of their solid waste materials. We see no other way however to make it clear to appellant and the interested intervenors that time has run out and they must now move with dispatch to resolve the problem of proper solid waste disposal for Perry County residents.

## CONCLUSIONS OF LAW

1. The board has jurisdiction over the parties and subject matter of this appeal.

2. Appellant, Joseph Reedy, presently operates a landfill in Wheatfield Township, Perry County, Pa., without a permit, in violation of the Pennsylvania Solid Waste Management Act, 35 PS §6001, et seq. and the rules and regulations promulgated thereunder.

3. The landfill discharges an industrial waste, to wit, leachate, into the waters of the Commonwealth in violation of the Clean Streams Law of June 22, 1937, P. L. 1987, as amended, 35 PS §691.1, et seq., and chapter 97 of the department's rules and regulations.

4. DER has the power and duty to issue orders necessary to implement the Solid Waste Management Act, supra, and Clean Streams Law, supra, including orders requiring immediate closure.

5. The requirement of immediate closure is reasonable in light of appellant's violations of the Solid Waste Management Act, supra, and the Clean Streams Law,

supra, and regulations thereunder and the existence of ongoing pollution.

6. Appellant and intervenors have not set forth any basis upon which the department's order should be set aside.

### ORDER

And now, March 31, 1975, the order of DER, issued April 16, 1974, is sustained, and the appeal of Joseph Reedy in which Penn Township, et al., intervened, is hereby dismissed.